THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CRIMINAL CASE NO. 2:06cr10

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BRUCE LEE RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Compel a Reduction of Sentence under Rule 35(b) [Docs. 92, 93][1] and the Defendant's Motion for Summary Judgment [Doc. 94].

The Defendant moves for a reduction of his sentence due to the substantial assistance he provided to the Government following his conviction.

Rule 35 of the Federal Rules of Criminal Procedure provides that the Court may reduce a defendant's sentence if the defendant provided substantial assistance in the investigation or prosecution of another person. Fed. R. Crim. P. 35(b). Only the Government may bring a Rule 35 motion for

---

[1] Defendant's motion was received and filed in the Charlotte Division on May 26, 2011. [Doc. 92]. An identical motion was received and filed in the Asheville Division on July 15, 2011. [Doc. 93]. The Court will treat these motions as one and the same.

a reduction of sentence. Fed. R. Crim. P. 35(b)(1), (2); <u>United States v. Gibbs</u>, 220 F.R.D. 450, 451 (W.D.N.C.) ("The Government, not a defendant or the Court, makes the initial determination as to whether a defendant has provided substantial assistance after sentencing."), <u>aff'd</u>, 71 Fed. Appx. 990 (4th Cir. 2003).

On June 6, 2006, the Defendant entered into a plea agreement with the Government. That agreement contained the following provision:

> When and if the defendant assists the government[:]
>
> a. The United States, *in its sole discretion*, will determine whether said assistance has been substantial.
>
> b. Upon a determination that the defendant has rendered substantial assistance, the government *may* make a motion pursuant to U.S.S.G. §5K1.1 for imposition of a sentence below the applicable Sentencing Guidelines. The United States may also, *within its sole discretion*, move the Court pursuant to 18 U.S.C. §3553(e) to impose a sentence below any applicable statutory mandatory minimum.
>
> The defendant recognizes that, even if the United States makes a recommendation pursuant to U.S.S.G. § 5K1.1, the Court cannot depart below the statutory minimum unless the United States also includes a specific recommendation pursuant to 18 U.S.C. §3553(e).
>
> \* \* \*
>
> d. Any determination that the defendant has failed to provide substantial assistance ... *is within the sole*

*discretion of the United States*, and the defendant *waives all objections and rights of appeal or collateral attack of such a determination*.

[Plea Agreement, Doc. 17 at 8 ¶23 (emphasis added)].

On February 26, 2007, the Government moved pursuant to U.S.S.G. §5K1.1 for a downward departure from the guideline range of sentencing based on the Defendant's substantial assistance. [Doc. 45]. The Government recommended a ten-level departure, resulting in a reduction in the recommended guideline range from 63-78 months to 21-27 months.[2] The Defendant was, in fact, sentenced to a term of 21 months on counts 1 and 8 based on the Government's motion. [Doc. 50]. The Defendant's argument now is that his post-conviction cooperation has been ignored by the Government.

It is first noted that the Defendant waived, in his plea agreement, any right to contest the degree of or recommendation for a downward departure based on substantial assistance. The Defendant does not contend that his waiver was anything other than knowing and intelligent; in fact, the record shows that his plea agreement was entered into voluntarily. See United States v. Harris, 234 F. App'x 57, 58 (4th Cir. 2007); United States v. Blick, 408

---

[2]The guideline sentence, however, was in addition to the mandatory 384 months to be served consecutively for the Defendant's two § 924(c) convictions.

3

F.3d 162, 169 (4th Cir. 2005). Because the issue of whether the Government moved for an additional downward departure falls within the scope of the waiver, such issue has been waived and the Court may not address it. See United States v. Wells, 250 F. App'x 550, 552 (4th Cir. 2007).

Assuming *arguendo* that this issue had not been waived, the Defendant fares no better. The Court has the authority to review the Government's decision not to file a Rule 35 motion only where a defendant has made a "substantial threshold showing" that the Government's failure to file such motion (1) was in breach of an obligation under the plea agreement or (2) was either based on an unconstitutional motive or was not rationally related to any governmental end. See Wade v. United States, 504 U.S. 181, 185-86, 112 S.Ct. 1840, 1842, 118 L.Ed.2d 524 (1992); United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994).

Here, the Defendant has failed to make the required "substantial threshold showing" that there was an enforceable obligation on the part of the Government arising from the plea agreement to seek a downward departure. The Defendant's plea agreement clearly states that there are "no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in the Plea Agreement," [Plea Agreement, Doc. 17 at 9 ¶25], and the Defendant reaffirmed his understanding of this provision

4

at his Rule 11 hearing [see Doc. 20 at 8 ¶28 (indicating that Defendant's guilty plea was "voluntary and not the result of coercion, threats or promises other than those contained in the written plea agreement")]. The Defendant further has failed to make the required threshold showing that the Government's failure to a seek a further reduction in the Defendant's sentence was otherwise unconstitutionally motivated. Accordingly, even if the Defendant had not waived this issue, the Defendant's motion must be denied.

The Defendant's motion for summary judgment on this issue is also denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Compel a Reduction of Sentence under Rule 35(b) [Docs. 92, 93] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 94] is **DENIED**.

**IT IS SO ORDERED**.



Signed: October 26, 2011

Martin Reidinger
United States District Judge

5