# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:06-cr-00010-MR-DLH-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| BRUCE LEE RICHARDSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Non Ex Parte Communication," which the Court construes as a motion to reduce or modify the Defendant's sentence. [Doc. 129].

The Defendant seeks a modification or reduction of his sentence based upon his efforts at rehabilitation while incarcerated. [Doc. 129].

The Court may reduce or modify a sentence based only on the limited grounds listed in 18 U.S.C. § 3582(c). Post-sentencing rehabilitation is not among the enumerated grounds for relief, and none of the grounds identified in § 3582 are present here. See 18 U.S.C. § 3582(c). While rehabilitation may be considered when a defendant is being sentenced or resentenced, see Pepper v. United States, 562 U.S. 476, 490 (2011), it cannot serve as

an independent basis for a defendant to obtain a resentencing. See United States v. Morris, No. 7:02-cr-00128-GRA-1, 2013 WL 1303124, at *1 (D.S.C. Mar. 28, 2013). Thus, while the Court commends the Defendant's rehabilitative efforts, his request for a reduction or modification of his sentence based solely on his post-sentencing rehabilitation must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Non Ex Parte Communication" [Doc. 129], which the Court construes as a motion to modify the Defendant's sentence, is **DENIED.**

**IT IS SO ORDERED.**

Signed: February 8, 2016

Martin Reidinger
United States District Judge