THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:06-cr-00010-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BRUCE LEE RICHARDSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), under the First Step Act of 2018, 'Extraordinary and Compelling' Reasons, Due to COVID-19, in Conjunction with Section 403 of the First Step Act" [Doc. 137].

**I.    BACKGROUND**

In April 2007, the Defendant Bruce Lee Richardson was convicted of two counts of bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2, and two counts of using and carrying a firearm during a crime of violence, namely bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [Doc. 50]. He was sentenced to a term of 21 months' imprisonment for each of the bank robbery counts, to be served concurrently; a term of 84 months on the first § 924 conviction; and a term of 300 months

on the second § 924 conviction, each to be served consecutively to the term imposed for the bank robbery counts, for a total term of 405 months' imprisonment. [Id.]. His conviction and sentence were affirmed on appeal. [Doc. 84].

In March 2019, the Defendant moved for relief pursuant to Section 403 of the First Step Act, which eliminates the "stacking" of multiple § 924(c) charges in the same indictment to qualify for the 25-year mandatory minimum for a second or subsequent conviction under § 924(c)(1)(C)(i). [Doc. 135]. The Court denied this motion on the grounds that Section 403 does not apply retroactively. [Doc. 136]. The Defendant did not appeal the Court's Order.

The Defendant is currently serving his sentence at FCI Butner Medium I. According to the Bureau of Prisons website, his projected release date is July 21, 2035.[1]

The Defendant now moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the ongoing COVID-19 pandemic. [Doc. 137]. He also reasserts his request for relief under Section 403 of the First Step Act. [Id.].

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 24, 2020).

## II.   DISCUSSION

### A.   Compassionate Release Request

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  The Defendant appears to have exhausted his administrative remedies.  [See Doc. 137-1].  Accordingly, the Court will proceed to address the merits of his motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

3

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. The Defendant bears the burden of establishing that he is eligible for a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, the Defendant asserts that the ongoing pandemic constitutes an extraordinary and compelling reason warranting his release. The Defendant,

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

however, does not allege in his motion any factors that differentiate him from any other federal prisoner. Specifically, he does not identify any medical issues that place him at any enhanced risk to contract or suffer from the virus. The mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[3]

Accordingly, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

### B. Relief under Section 403

The Defendant renews his request for relief under Section 403 of the First Step Act. As the Court noted in its previous Order [Doc. 136], the First Step Act amended the language of 18 U.S.C. § 924(c)(1)(C) to eliminate the

---

[3] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

"stacking" of multiple § 924(c) charges in the same indictment to qualify for the 25-year mandatory minimum for a second or subsequent conviction under § 924(c)(1)(C)(i).  Section 403, however, does not apply retroactively. <u>See</u> First Step Act of 2018 § 403(b), 132 Stat. 5222 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). Accordingly, the Defendant is not entitled to a reduced sentence under Section 403 of the First Step Act.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence…" [Doc. 137] is **DENIED**.

**IT IS SO ORDERED.** Signed: July 27, 2020

Martin Reidinger
Chief United States District Judge